UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON E. CARR,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESS RAIL SERVICES, and<br>EASTRIDGE WORKFORCE SOLUTIONS,<br><br>Defendant. | Case No. 2:19-cv-01558-GMN-EJY<br><br>**ORDER** |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also attached a Complaint to his *in forma pauperis* application. ECF No. 1-1.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted a short form application showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff attaches a Right to Sue letter issued by the Equal Employment Opportunity Commission (the "EEOC") dated June 6, 2019. Plaintiff's Complaint was filed on September 6, 2019 and therefore is timely. *Filing a Lawsuit*, https://eeoc.gov/employees/lawsuit.cfm. Plaintiff also states that he worked for Eastridge Workforce Solutions of Las Vegas, Nevada, who is "responsible for engaging … [Plaintiff] with a client that has racial discrimination tendencies." ECF No. 1-1. Plaintiff explains that he was working for Progress Rail Services through Eastridge Workforce Solutions. Finally, Plaintiff states that while placed at Progress Rail Services through Eastridge a Caucasian male approached him and referred to him using racial slurs or epithets. *Id.*

However, to state a prima facie Title VII race discrimination claim, Plaintiff must allege that he was (1) a member of a protected class, (2) performing according to the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) similarly situated employees outside his protected class were treated more favorably. *Pulliam v. United Airlines, Inc.,* 2012 WL 3025087 at *3 (D.Nev. 2012), *aff'd* 585 F. App'x. 408 (9th Cir.2014); *McDonnell Douglas Corp v. Green,* 411 U.S. 792, 802 (1973). To state a Title VII hostile work environment claim, Plaintiff must allege that the conduct complained of was so severe or pervasive as to alter the condition of

his employment. *Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (Title VII claim requires plaintiff to establish conduct that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment"). Here, Plaintiff fails to allege he suffered an adverse employment action of any kind, that similarly situated employees outside his protected class were treated more favorably than he was, and/or that the use of racially charged language was sufficiently severe or pervasive to alter his working environment. For these reasons, Plaintiff's Complaint (ECF No. 1-1) will be dismissed without prejudice.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the facts underlying case conduct that constitutes discrimination and/or harassment. Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendants fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If

Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

DATED THIS 19th day of September, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE