UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON E. CARR,<br><br>    Plaintiff,<br><br>v.<br><br>PROGRESS RAIL SERVICES, and<br>EASTRIDGE WORKFORCE SOLUTIONS,<br><br>    Defendant. | Case No. 2:19-cv-01558-GMN-EJY<br><br>**ORDER** |

On September 19, 2019, this Court granted Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1), and dismissed Plaintiff's Original Complaint (ECF No. 1-1) without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Thereafter, on September 26, 2019, Plaintiff timely filed his Amended Complaint (ECF No. 7), which the Court screens below.

**I.  SCREENING PLAINTIFF'S AMENDED COMPLAINT**

In its previous Order dismissing Plaintiff's Original Complaint without prejudice and with leave to amend, the Court explained that:

> to state a prima facie Title VII race discrimination claim, Plaintiff must allege that he was (1) a member of a protected class, (2) performing according to the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) similarly situated employees outside his protected class were treated more favorably. *Pulliam v. United Airlines, Inc.,* 2012 WL 3025087 at \*3 (D. Nev. 2012), *aff'd* 585 F. App'x. 408 (9th Cir.2014); *McDonnell Douglas Corp v. Green,* 411 U.S. 792, 802 (1973). To state a Title VII hostile work environment claim, Plaintiff must allege that the conduct complained of was so severe or pervasive as to alter the condition of his employment. *Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (Title VII claim requires plaintiff to establish conduct that was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment"). Here, Plaintiff fails to allege he suffered an adverse employment action of any kind, that similarly situated employees outside his protected class were treated more favorably than he was, and/or that the use of racially charged language was sufficiently severe or pervasive to alter his working environment.

ECF No. 5 at 2:21–3:6.

Despite providing Plaintiff with a clear outline of what is required, his Amended Complaint alleges only two out of four factors necessary to state a prima facie Title VII race discrimination claim. *Pulliam*, 2012 WL 3025087 at *3. Specifically, in a cover letter accompanying his Amended Complaint, Plaintiff identifies himself as an "African American [m]ale," which is sufficient to allege that he is "a member of a protected class." ECF No. 7-1; *see also id*. Plaintiff then includes a rejection letter from Defendant Progress Rail Services for a facility electrician position, which establishes that Plaintiff "suffered an adverse employment action." ECF No. 7 at 9; *see also Pulliam*, 2012 WL 3025087 at *3. Notwithstanding, at no time does Plaintiff discuss whether he was "performing according to the employer's legitimate expectations" and, more importantly, if "similarly situated employees outside his protected class were treated more favorably." *Pulliam*, 2012 WL 3025087 at *3. Although Plaintiff attaches excerpts from an online discussion board for Human Resources professionals about disparate treatment in the workplace, these selections do nothing to provide the facts necessary for Plaintiff to state a claim. ECF No. 7 at 3–8. Even after liberally construing Plaintiff's pro se Amended Complaint, as this Court is required to do under *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014), Plaintiff fails to state a prima facie Title VII race discrimination claim.

Plaintiff's Amended Complaint, however, states a Title VII hostile work environment claim. *Ariz. ex rel. Horne*, 816 F.3d at 1206. Plaintiff submits a Complaint Investigation form he filed with the Equal Employment Opportunity Commission in which he states that on April 30, 2018, an employee at Plaintiff's previous job named "Greg . . . approached [Plaintiff] as [Plaintiff] was entering the boom lift and [commented], '[a]re you up in the trees with the monkey's [sic].'" ECF No. 7-1 at 1. When Plaintiff replied that there were "no monkeys" and "no trees," Greg repeated his comments "a couple more times." *Id*. Thereafter, Plaintiff was informed via email that Defendant Progress Rail Services was moving forward with its job search.[1] *Id*. at 9. Read liberally, Plaintiff states a colorable claim for hostile work environment under Title VII.

---

[1] Although not explicitly stated, it appears Plaintiff was working through a trial employment period with Defendant Progress Rail Services at the time of the incident with Greg.

2

## II. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Title VII race discrimination claim against the Defendants is DISMISSED without prejudice with leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Title VII hostile work environment claim against the Defendants may proceed.

IT IS FURTHER ORDERED that the Clerk of Court shall file Plaintiff's Amended Complaint (ECF No. 7).

IT IS FURTHER ORDERED that the Clerk of Court shall issue Summons to Defendants (1) Progress Rail Services and (2) Eastridge Workforce Solutions.[2] The Clerk of Court shall deliver a copy of Plaintiff's Amended Complaint together with the Summons to the U.S. Marshal for service.

IT IS FURTHER ORDERED that the Clerk of Court shall promptly mail two USM 285 forms to Plaintiff.

IT IS FURTHER ORDERED that Plaintiff shall have twenty days from receipt of the USM 285 forms to provide the U.S. Marshal with the completed forms. The U.S. Marshal shall then promptly serve Defendants.

IT IS FURTHER ORDERED that within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendants were served. If Plaintiff wishes to have service attempted again on a Defendant who was not successfully served, Plaintiff must file a motion with the Court identifying the unserved Defendant and specifying a more detailed name and/or address for said Defendant, or whether some other manner of service should be attempted.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this Order is entered.

From this point forward, Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted

---

[2] The Court notes that Plaintiff filed a Waiver of Service of Summons on September 6, 2019. ECF No. 2. The Court will disregard the same as the defendant, not the plaintiff, is required to sign and return a waiver of service of summons. Fed. R. Civ. P. 4(d).

for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendants or counsel for the Defendants. The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

DATED THIS 20th day of November, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE