**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON E. CARR, | ) |
| | ) |
|                Plaintiff, | )    Case No.: 2:19-cv-01558-GMN-EJY |
|    vs. | ) |
| | )    **ORDER** |
| PROGRESS RAIL SERVICES, *et al.*, | ) |
| | ) |
|                Defendants. | ) |
| | ) |

Pending before the Court is the Motion to Dismiss the Amended Complaint, (ECF No. 14), filed by Defendant Progress Rail Services ("Progress Rail").  Pro se Plaintiff Jason E. Carr ("Plaintiff") did not file a response.

Also pending before the Court is Progress Rail's Motion to Dismiss the Second Amended Complaint, (ECF No. 18).  Plaintiff did not file a response.

Also pending before the Court is the Motion to Dismiss Plaintiff's Complaints, (ECF No. 26), filed by Defendant Eastridge Workforce Solutions ("Eastridge").  Plaintiff did not file a response, and Eastridge filed a Notice of Non-Opposition, (ECF No. 32).

**I.**     **BACKGROUND**

This case arises from alleged violations of Title VII.  Plaintiff, an African American male, alleges that he worked for Eastridge who is "responsible for engaging . . . [Plaintiff] with a client that has racial discrimination tendencies."  Plaintiff explains that he was working for Progress Rail through Eastridge.  Plaintiff contends, *inter alia*, that while placed at Progress Rail through Eastridge, a Caucasian male approached him and referred to him using racial slurs or epithets.

1    Plaintiff commenced the instant action on September 6, 2019, by filing an Application

2  for Leave to Proceed *in forma pauperis*, (ECF No. 1), and attaching his Complaint.  On

3  September 19, 2019, the Honorable Elayna J. Youchah, Magistrate Judge, entered a Screening

4  Order, (ECF No. 5), granting the *in forma pauperis* application, dismissing the Complaint, and

5  granting leave to amend.  On September 26, 2019, Plaintiff timely filed an Amended

6  Complaint, (ECF No. 7).  On November 20, 2019, Judge Youchah entered a Screening Order,

7  (ECF No. 9), dismissing Plaintiff's Title VII race discrimination claim "without prejudice with

8  leave to amend."  Further, Judge Youchah found that Plaintiff's Title VII hostile work

9  environment claim was colorable, and thus allowed the claim to proceed against Defendants.

10 (*Id.*).  Pursuant to the Screening Order, Plaintiff had until February 18, 2020, to serve

11 Defendants. (*See id.*) ("Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service

12 must be accomplished within 90 days from the date this Order is entered.").  Progress Rail was

13 timely served on January 9, 2020, and on January 17, 2020, Progress Rail filed its Motion to

14 Dismiss the Amended Complaint, (ECF No. 14).

15    On January 22, 2020, Plaintiff filed a Second Amended Complaint, (ECF No. 17).  On

16 February 5, 2020, Progress Rail filed its Motion to Dismiss the Second Amended Complaint,

17 (ECF No. 18).

18    On February 25, 2020, Eastridge was served with Plaintiff's Amended Complaint, (ECF

19 No. 7). (*See* Summons, ECF No. 21).  Service was untimely.  On March 12, 2020, Eastridge

20 filed its Motion to Dismiss the Complaints, (ECF No. 26).  To date, Plaintiff has not properly

21 served Defendants with a copy of the Second Amended Complaint, (ECF No. 17), nor has he

22 responded to any of Defendants' Motions to Dismiss, (ECF Nos. 14, 18, 26).

23 **II.    DISCUSSION**

24    The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–75

25 (1958).  Under the Local Rules for the United States District Court for the District of Nevada,

1    "the deadline to file and serve any points and authorities in response to [a motion to dismiss] is

2    14 days after service of the motion." *See* D. Nev. LR 7-2(b).  "The failure to of an opposing

3    party to file points and authorities in response to any motion . . . constitutes a consent to the

4    granting of the motion." D. Nev. LR 7-2(d).

5         The Ninth Circuit instructs that a district court must weigh several factors before

6    granting a motion filed pursuant to Federal Rule of Civil Procedure 12 because a party

7    failed to comply with a local rule: "(1) the public's interest in expeditious resolution of

8    litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

9    defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the

10   availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)

11   (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (discussing a Nevada

12   local rule construing a failure to oppose a motion as effectively consenting to the granting

13   of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003)

14   (indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to

15   dismiss in light of a local rule authorizing dismissal).

16        Here, Plaintiff's deadline to respond to Progress Rail's Motion to Dismiss the Amended

17   Complaint, (ECF No. 14), was January 31, 2020.  Plaintiff's deadline to respond to Progress

18   Rail's Motion to Dismiss the Second Amended Complaint, (ECF No. 18), was February 19,

19   2020.  Further, Plaintiff's deadline to respond to Eastridge's Motion to Dismiss the Complaints,

20   (ECF No. 26), was March 26, 2020.  Plaintiff has not responded to any of the Motions, and the

21   time to do so has passed.[1]  Under Local Rule 7-2(d), Plaintiff's utter failure to file points and

22   authorities in response the Motions "constitutes a consent to the granting of the motion[s]." D.

23   _____

24   [1] Indeed, at no point did Plaintiff attempt to obtain an extension from the Court, despite Local Rules permitting
     parties to file motions seeking deadline extensions. *Cf.* D. Nev. LR IA 6-1 ("A request [for extension] made after
25   the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the
     failure to file the motion before the deadline expired was the result of excusable neglect."); *see* D. Nev. LR 26-3.

Nev. LR 7-2(d); *see Faretta v. Cal.*, 422 U.S. 806, 834 (1975) ("[t]he right of self-representation is not a license to abuse the dignity of the courtroom.  Neither is it a license not to comply with relevant rules of procedural and substantive law.").

Considering the *Ghazali* factors, this Court finds that dismissal of this case: (1) would further the public's interest in the resolution of cases; (2) would aid the Court's management of its docket; (3) would result in no prejudice to Defendants; and (4) no less-drastic sanctions are available in light of the arguments raised in the Motions to Dismiss and their requested relief. *See Ghazali*, 46 F.3d at 53.  Additionally, the policy encouraging the consideration of cases on their merits does not overcome the countervailing factors. Accordingly, based on the *Ghazali* factors and Plaintiff's violation of Local Rule 7-2(d), Defendants' Motions to Dismiss, (ECF Nos. 14, 18, 26), are granted.

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Progressive Rail's Motions to Dismiss, (ECF No. 14, 18), are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Eastridge's Motion to Dismiss, (ECF No. 26), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's case is dismissed with prejudice.

The Clerk of the Court shall enter judgment accordingly and close the case.

**DATED** this __31__ day of August, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court